IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY CUMMING,

    Plaintiff,

vs.                                                           Civ. No. 17-376 KG/KBM

QUESTA SCHOOL BOARD OF EDUCATION
and QUESTA INDEPENDENT SCHOOLS,

    Defendants.

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Reconsider and Vacate Order on Defendant's Motion for Leave to File Excess Pages (Motion to Reconsider), filed June 12, 2018. (Doc. 49). Defendants Questa School Board of Education and Questa Independent Schools (collectively, Questa) filed a response on June 26, 2018. (Doc. 53). Having considered the Motion to Reconsider and the response, the Court denies the Motion to Reconsider.

*A. Background*

On March 21, 2018, Questa filed a Motion for Summary Judgment. (Doc. 36). Plaintiff responded to the Motion for Summary Judgment on April 23, 2018. (Doc. 40). On May 22, 2018, Plaintiff filed a Notice of Supplemental Authority. (Doc. 42).

On May 31, 2018, Questa's counsel emailed to Plaintiff's counsel a motion and proposed order to exceed the page limits for the reply to the Motion for Summary Judgment. (Doc. 53-1) at 3. Plaintiff's counsel responded that he could not agree to a page limit extension without first seeing the proposed reply and its exhibits. *Id.* On June 5, 2018, Questa's counsel emailed to Plaintiff's counsel a revised motion to exceed page limits. *Id.* at 1-2. Then, on June 6, 2018,

Questa's counsel emailed to Plaintiff's counsel a draft of the proposed reply and its exhibit. *Id.* at 1.

The next day, Questa filed its Opposed Motion to Exceed Page Limits. (Doc. 45). Questa sought a 15- page extension of the page limit for its briefing on the reply, for a total of 25 pages. *Id.* at ¶ 2. Questa provided the Court with a proposed order granting the Motion to Exceed Page Limits, which the Court entered on June 8, 2018. (Doc. 47). The proposed order, however, incorrectly stated that the Motion to Exceed Page Limits was "Unopposed." *Id.*

On June 12, 2018, Plaintiff filed her Motion to Reconsider. (Doc. 49). Plaintiff notes in the motion that she, in fact, opposed the Motion to Exceed Page Limits. *Id.* at 1. Plaintiff also states that "[u]ntil plaintiff sees the proposed reply and can respond appropriately, the Court's order [granting the Motion to Exceed Page Limits] is premature at best." *Id.* at 2. Consequently, Plaintiff "requests that the Court vacate that order at least until Plaintiff has the opportunity to see the reply and respond to the motion [to exceed page limits] if needed." *Id.* at 1.

Questa then filed its reply to the Motion for Summary Judgment on June 20, 2018. (Doc. 51). The reply briefing is 22 pages, ten more pages than allowed by Local Rule 7.5. Questa attached a two-page exhibit to the reply, which is well within the 50-page limit for exhibits allowed by Local Rule 10.5.

Finally, on June 26, 2018, Questa filed its response to the Motion to Reconsider. (Doc. 53). With the filing of that response, briefing is complete on the Motion to Reconsider. *See* Notice of Completion of Briefing (Doc. 54), filed August 1, 2018.

*B. Discussion*

Plaintiff correctly notes that she opposed the Motion to Exceed Page Limits. However, Plaintiff does not assert, and the Court does not find, that the proposed order's characterization

of the Motion to Exceed Page Limits as unopposed was anything but an inadvertent error. Although the Court entered the order granting the Motion to Exceed Page Limits before Plaintiff could respond to that motion, Plaintiff now has an opportunity to respond via her Motion to Reconsider. Accordingly, the Court finds that entry of the order granting the Motion to Exceed Page Limits before Plaintiff could respond to that motion is harmless error.

Plaintiff's central complaint about the Motion to Exceed Page Limits is that she did not have an opportunity to review the proposed reply. The emails provided by Questa, however, show that Plaintiff had the proposed reply prior to Questa's filing of the Motion to Exceed Page Limits. Plaintiff's complaint is, therefore, without merit.

Furthermore, now that Plaintiff has seen the filed reply, Plaintiff could have asked the Court for permission to file a surreply if she believed a surreply was necessary to serve the interest of justice and fairness. *See* D.N.M. LR-Cv 7.4(b) ("The filing of a surreply requires leave of the Court."). Plaintiff has not made that request.

For the above reasons, Plaintiff has not convinced the Court that it should reconsider and vacate the order granting the Motion to Exceed Page Limits.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider and Vacate Order on Defendant's Motion for Leave to File Excess Pages (Doc. 49) is denied.

_____
UNITED STATES DISTRICT JUDGE

3