IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY CUMMING,

      Plaintiff,

v.                              1:17-CV00376 KG/KBM

QUESTA SCHOOL BOARD OF EDUCATION and
QUESTA INDEPENDENT SCHOOLS,

      Defendants.

## RESPONSE TO DEFENDANT MOTION FOR TAXATION OF COSTS

Plaintiff, through counsel of record, submits this response to defendant's Motion for Taxation of Costs and would show the Court that the Motion should be denied as procedurally and substantively defective under D.N.M. LR-Civ. 54.1, and as premature given plaintiff's appeal of the orders upon which defendant's motion is based.

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of specific interpretation serves under section 1828 of this title. 28 U.S.C. § 1920.

The Local Rules of this Court provide the procedure for submitting cost bills pursuant to Rule 54.1 Motion to Tax Costs. A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes a waiver of a claim to costs. The motion must comply with the requirements of D.N.M. LR-Civ. 7 and must include: [(i)] an itemized cost bill documenting

costs and including receipts as required by rule or statute; and [(ii)] a party's affidavit that

the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M. LR-Civ. 54.1. D.N.M. LR-Civ 54.2 identifies taxable costs, but this list does not

track the allowable costs under § 1920. D.N.M. LR-Civ. 54.2 includes depositions costs

when they are "reasonably necessary to the litigation." D.N.M. LR-Civ. 54.2. A deposition is

reasonably necessary to the litigation if: (i) a substantial portion is admitted into evidence

or used for impeachment at trial; (ii) **the Court uses the deposition to rule on a**

**summary judgment motion**; or (iii) if the Court so determines. (emphasis supplied) See

D.N.M. LR-Civ. 54.2.

Defendant's motion impermissibly asserts as  recoverable costs $969.54 connected to

the deposition of Dr. Brian Levy, Ms. Cumming's personal physician. This deposition was

unnecessary for the defense of this claim in the first place but more importantly was not used

in defendant's pleadings in support of the motion for summary judgment and is therefore not

a recoverable cost under D.N.M. LR-54.2. At a minimum, there is no showing by defendant

that this cost is recoverable under our Local Rule.

Alternatively, the Court should stay this motion pending the appeal filed

challenging the orders granting summary judgment. The trial court has the power to stay

this decision on costs pending the outcome of the appeal after which defendant could lose

the "prevailing party" status upon which they currently seek costs. Gaedeke Holdings VII

Ltd., v Baker, (10th Cir. Order and Judgment, February 22, 2019, No. 17-6241).

For the reasons stated, plaintiff requests that the Court deny defendant's motion, or

alternatively reduce any costs awarded as shown above.

Respectfully Submitted,

/s/ Timothy White
TIMOTHY WHITE
Valdez and White Law Firm, LLC
P.O. Box 25646
Albuquerque, NM  87125

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 18, 2019, I emailed the foregoing to all counsel of record.

/S/ TIMOTHY L. WHITE
Timothy L. White