IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY CUMMING,

Plaintiff,

v. No. 1:17-cv-00376 KG-KBM

QUESTA SCHOOLS BOARD OF EDUCATION and
QUESTA INDEPENDENT SCHOOLS,

Defendants.

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TAX COSTS**

Defendant Questa Independent Schools Board of Education (inclusive of Questa Independent Schools), by and through its counsel of record, the Brown Law Firm, Brown & Gurulé (Desiree D. Gurulé), pursuant to D.N.M. LR-Civ. 54.1 and Fed. R. Civ. P. 54, hereby submits its Reply to Plaintiff's Response to Defendant's Motion to Tax Costs. In support of this reply, Defendant states it is entitled to all asserted costs against Plaintiff under the above rules pursuant to the Final Judgment entered on February 15, 2019.

**Introduction**

Plaintiff's Response to Defendant's Motion to Tax Costs contains no substantive analysis relating to her claim that the deposition transcription fee and lay witness fee for the deposition of Plaintiff's treating expert Dr. Brian Levy, M.D., were not reasonably necessary to the litigation in this matter. Instead, Plaintiff argues that a ruling concerning Defendant's motion to tax costs should be stayed pending the outcome of the appeal filed by the Plaintiff in this matter. Response, p.2 [Doc. 64]. Defendant's motion should be granted based upon the following: the Court retains jurisdiction regarding the motion to tax costs, the costs sought by Defendant were reasonably necessary to the litigation, and the motion was timely filed.

## Argument

**I. The Court retains jurisdiction over the collateral issue of taxation of costs following the final judgment issued in this matter.**

The Court retains jurisdiction over the collateral matter of Defendant's Motion to Tax Costs.

> Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (internal citations and quotation marks omitted). Motions for fees and costs are considered collateral matters over which the district court retains jurisdiction. *See Smith v. Phillips*, 881 F.2d 902, 905 n. 9 (10th Cir.1989)("Even after an appeal has been taken the district court may consider applications for attorneys' fees because they are considered wholly collateral to the merits . . . ."); *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 606 (10th Cir. 1984) (rejecting the defendant's argument that a notice of appeal divested the district court of jurisdiction to consider a motion for costs following judgment).

*Stapp v. Curry Cty. Bd. of Cty. Comm'rs*, No. 15-356 GBW/CG, 2016 U.S. Dist. LEXIS 189666, at *3 (D.N.M. May 4, 2016).

The case cited by Plaintiff's counsel, *Gaedeke Holdings VII Ltd. v. Baker* , No. 17-6241(10th Cir. Feb. 2009), concerned a stay on motions for awards of costs and attorney's fees in a multi-party matter after a jury verdict in favor of the Plaintiff with an award of damages as to some, but not all of the defendants. *Gaedeke*, No. 17-6241, pp. 2-6. In *Gaedeke*, the initial stay occurred based upon an unopposed motion to stay the resolution of post-trial motions until the resolution of any pending appeals. *Id.* Here, Plaintiff did not file a motion to stay rulings on post-judgment issues, nor would such a stay be appropriate in this case. The collateral issue of Defendant's recoverable costs is not complex in this matter, there are only two parties in this case, and the amount in dispute related to the

reasonableness of Defendant's sought costs is less than $1,000.00. *See* Doc. 64, p. 2. As a result, a stay of decision concerning costs in this matter is not warranted, and Defendant's costs should be awarded.

**II. The only disputed costs, those of the lay witness fee and cost of the transcript of the deposition of Dr. Brian Levy, M.D., were reasonably necessary to the litigation in this matter.**

While Plaintiff did not substantively address the reasonableness of these costs, the costs disputed by the Plaintiff were reasonably necessary to the litigation in this matter. The following facts are relevant to this determination: Plaintiff sought in excess of $75,000.00 in her Complaint in this matter. Doc. 1, p.2, ¶ 8 (filed 3/27/2017). Plaintiff identified correspondence from Dr. Levy as a potential exhibit in this matter. Doc. 11, p. 7 (filed 6/7/2017). The deadlines for the parties' disclosure of experts in this were September 14, 2017 (Plaintiff's disclosure) and October 16, 2014 (Defendant's disclosure). Doc. 13, p. 2 (filed 6/14/2017). The deadline for the filing of pre-trial motions in this matter (other than those pertaining to discovery) was January 25, 2018. *Id.*

In addition to the information received via the Plaintiff's initial disclosures, Defendant served written discovery requests upon the Plaintiff concerning the specific damages sought by the Plaintiff in this matter. *See excerpts*, Plaintiff's Discovery Responses and Initial Disclosures, *infra*. Based upon Plaintiff's asserted damages claims, on November 29, 2017 Defendant deposed Dr. Levy as Plaintiff's treating expert pertaining to her claim for emotional distress and mental health damages allegedly caused by the actions of the Defendant. Based upon the scheduling order and deadlines in this matter, Defendant was required to take the deposition of Dr. Levy prior to the Court's issuance of a ruling on Defendant's Motion for Summary Judgment. While the Court maintains discretion under Rule 54 concerning an award of costs, "there is a strong presumption that taxable costs will be awarded to the prevailing party, and a district court must identify reasons justifying any denial." *Stapp v. Curry Cty. Bd. of Cty. Comm'rs*, No. 15-356 GBW/CG, 2016 U.S. Dist. LEXIS 189666, at *3 (D.N.M. May 4, 2016)

(citing *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir.2004); *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY CUMMING,

Plaintiff,

v. No. 1:17-cv-00376 KK-KBM

QUESTA SCHOOLS BOARD OF EDUCATION,

Defendant.

**PLAINTIFF'S RULE 26 DISCLOSURES**

-IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY CUMMING,

Plaintiff,

v. No. 1:17-cv-00376 KK-KBM

QUESTA SCHOOLS BOARD OF EDUCATION and
QUESTA INDEPENDENT SCHOOLS,

Defendants.

**ANSWERS DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Kerry Cumming answers these interrogatories as follows:

C. Computation of damages:

Kerry Cumming claims compensatory damages in an amount to be determined by the jury for each violation of her rights as set forth in her complaint. She has suffered emotional distress damages in an amount to be determined by the jury. Ms. Cumming further seeks damages for her lost past and future wages caused by her termination; and attorneys' fees and costs as permitted by law. At this time Kerry's economic damages are computed as follows:

From 2012 to 2016 Kerry earned $110,944. Had she stayed at Questa as she intended for the five years minimum, she would have earned at least $260,000 ($52,000 per year X 5). Her past lost wages to date are $149,056 and those damages continue into the future calculated by the lost yearly salary, plus the PERA contribution that would have been added to her New Mexico retirement account at approximately 9% ($23,790) minus what she may earn for the subsequent school years. Kerry has also been damaged and seeks emotional distress damages to be determined by the jury and attorney's fees and costs that are being incurred on an ongoing basis.

Respectfully submitted,

/s/ Timothy L. White
Valdez and White Law Firm, LLC
Timothy L. White
P.O. Box 25646
Albuquerque, N.M. 87125
Phone: (505) 345-0289
Fax: (505) 345-2573
Email: timothylwhitelaw@aol.com

**INTERROGATORY NO. 10:** Do you claim any mental health or medical claims arose as a result of the conduct, action(s) or behavior which you allege by the Defendant in violation of law? If so, identify each and every mental health or medical issue or condition you claim was caused by the Defendant in this matter, and the complete basis concerning your allegation of causation by Defendant.

**ANSWER:**

Brian Levy, M.D., diagnosed me with Post-Traumatic Stress Disorder.

I no longer trust people, especially school administrators.

A lot of worry.

I cry far more often than before this happened with Questa.

I am fearful much of the time.

Questa took away my happiness.

Cannot retire due to lost income

My reputation has been ruined.

**INTERROGATORY NO. 11:** State whether you are still suffering from any effects of the incidents alleged in your Complaint and, if so, give a complete description of the symptoms, complaints or disabilities you have had from the date of the incidents identified in your Complaint to the present time. If you claim solely to be suffering from lost wages and / or other employment benefits, identify with the specificity the exact type and amount(s) of each such benefit which you claim to be owed as a result of the alleged conduct of the Defendant and the complete factual and legal basis for each such claim. Also, identify all other types of claimed damages as well as any attempts by Plaintiff to mitigate her alleged damages.

**ANSWER:**

See answers to interrogatory no. 10, I am still experiencing symptoms.

Because Defendant's motion for summary judgment was granted in its entirety, thus foreclosing all claims by the Plaintiff, Defendant was not required to present Dr. Levy's testimony in this matter. However, it was reasonably necessary for the Defendant to take the deposition of the only witness identified by the Plaintiff as a medical provider who could have possibly supported Plaintiff's claim of post-traumatic stress disorder caused by the Defendant. First, the deposition testimony provided Defendant with information relevant to Plaintiff's emotional distress and mental health damages claims. Second, had the Court not granted Defendant's motion for summary judgment, the testimony of Dr. Levy would have been necessary to the litigation at trial if Plaintiff had been permitted to present evidence of emotional distress damages to the jury. For these reasons, the deposition transcript and lay witness fee for Dr. Levy were reasonably necessary to the litigation, and should be awarded to Defendant.

**Conclusion**

Because the Court retains jurisdiction over this collateral matter, the motion to tax costs was timely filed and complies with Fed. R. Civ. P. 54 and D.N.M.LR-Civ. 54, and the disputed costs were reasonably necessary to the litigation, Defendant requests that its motion to tax costs be granted in its entirety and that costs be awarded to Defendant as the prevailing party in this matter.

Respectfully submitted:

*BROWN LAW FIRM*
*BROWN & GURULÉ*

*/s/Desiree D. Gurulé, 4/4/19*
DESIREE D. GURULÉ
Attorney for Defendant
333 Rio Rancho Blvd. NE, Suite 102
Rio Rancho, NM 87124
Phone: (505) 292-9677
Fax: (505) 292-9680
desiree@brownlawnm.com

I HEREBY CERTIFY that on the 4th day of April, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Timothy L. White
tim@valdezwhite.com

*/s/ Desiree D. Gurulé*
Desiree D. Gurulé